CJ-19-3614
Pemberton

*1044228564*

IN THE DISTRICT COURT FOR THE STATE OF OKLAHOMA
OKLAHOMA COUNTY

| | |
|---|---|
| VIRGINIA GURNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CJ-2019-3614 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| STATE OF OKLAHOMA, ex. Rel. | ) ATTORNEY'S LIEN CLAIMED |
| THE OKLAHOMA DEPARMENT OF | ) |
| MENTAL HEALTH AND SUBSTANCE | ) |
| ABUSE SERVICES; TERRI WHITE, | ) FILED IN DISTRICT COURT |
| individually and in her official capacity; | ) OKLAHOMA COUNTY |
| and NISHA WILSON, individually and in | ) |
| her official capacity. | ) JUN 2 7 2019 |
| | ) |
| Defendants. | ) RICK WARREN |
| | ) COURT CLERK |
| | 40_____ |

### PLAINTIFF'S PETITION

COMES NOW, the Plaintiff, Virginia Gurney, by and through her attorneys at Bussett Legal Group, and files this, her Petition against the State of Oklahoma ex. rel. The Department of Mental Health and Substance Abuse Services (hereafter "ODMHSAS"), Terri White, individually and in her official capacity, and Nisha Wilson, individually and in her official capacity. In support of this Petition, the Plaintiff alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Virginia Gurney (hereafter "Gurney") is a citizen of the State of Oklahoma and a resident of Oklahoma County.

2. Defendant, the State of Oklahoma ex. rel. the Oklahoma Department of Mental Health and Substance Abuse Services is an Agency operating under the direction, control and supervision of the State of Oklahoma.

1

EXHIBIT 2

3. Upon information and belief, Defendant, Terri White (hereafter "White"), is a citizen of the State of Oklahoma and a resident of Oklahoma County.

4. At all times relevant to Gurney's Petition, White was the Commissioner for ODMHSAS and Gurney's direct supervisor.

5. Upon information and belief, Defendant, Nisha Wilson (hereafter "Wilson"), is a citizen of the State of Oklahoma and a resident of Oklahoma County.

6. At all times relevant to Gurney's Petition, Wilson the Director of Specialty Courts for ODMHSAS.

7. Upon information and belief, Defendant, Durand Crosby (hereafter "Crosby"), is a citizen of the State of Oklahoma and a resident of Oklahoma County.

8. At all times relevant to Gurney's Petition, Crosby was the Chief of Staff and Operations for ODMHSAS.

9. Upon information and belief, all of the acts complained of occurred in Oklahoma County in the State of Oklahoma.

10. Plaintiff timely filed and served a tort claim upon the State of Oklahoma and the Oklahoma Department of Mental Health and Substance Abuse Services on March 29, 2019, and has thereby complied with the notice provisions of the Governmental Tort Claims Act (GTCA).

11. The tort claim has been deemed denied by operation of law, pursuant to the GTCA, as the term of ninety (90) days has expired since Defendants' receipt of the notice of Plaintiff's tort claim.

12. Plaintiff is in compliance with the GTCA in that she brings this Petition within one hundred eighty (180) days of the constructive denial of her tort claim.

## STATEMENT OF FACTS

Plaintiff hereby incorporates the information and allegations contained in paragraphs 1-12 as if set forth fully herein.

13. Plaintiff Gurney was hired on or around July 2014 as the Director of Internal Audit for ODMHSAS.

14. Gurney was responsible for ensuring the procedures, statutes and regulations for internal auditing were followed and that state funds could be properly tracked and accounted for.

15. Over the span of her employment with ODMHSAS, Gurney voiced several concerns over non-compliance with regulations and state law.

16. Upon one such complaint, Gurney was advised by Defendant White, that ODMHSAS employees, "don't air our dirty laundry."

17. Plaintiff Gurney continued to voice concerns with her superiors and others regarding violations of applicable laws, rules and policy; mismanagement; waste of public funds; abuses of authority; and the resultant danger to public health and safety.

18. Gurney made specific complaints to Defendants Wilson and Crosby regarding failures in the drug court auditing system in 2014 but was met with resistance.

19. Defendant Crosby took no remedial action to address Gurney's drug court complaints.

20. Defendant Wilson, in the spirit of malice, and retaliation, lodged a complaint about Plaintiff Gurney.

21. Also in 2014, Gurney further expressed several concerns when Defendants requested she perform a "P-Card Audit."

22. Nevertheless, Gurney completed the audit process but submitted an abbreviated report due to the extensive nature of the violations committed by the Defendants and due to her fear of retaliation for reporting the findings.

23. Instead of addressing the issues reflected in Gurney's audit, the Defendants disputed the findings and claimed Gurney exceeded the scope of her auditing duty and authority.

24. Gurney thereafter sent to Crosby a written response outlining her duty and authority with respect to audits.

25. Crosby again failed to address any of the relevant issues and simply told Gurney the Agency would "do something else."

26. Thereafter, in the spirit of malice and retaliation, Crosby prohibited Gurney from conducting additional audits for fear she may alert outside entities to the internal violations.

27. Throughout the next few years, Gurney continued to speak out about ongoing violations of law, failures to abide by Agency policy, and mismanagement by Defendants White and Crosby.

28. Thereafter, on or about March 30, 2018, in the spirit of malice and retaliation, Gurney was given the option by Defendants to voluntarily resign or be terminated by the Agency.

29. Gurney did not wish to be terminated or to resign

30. Gurney requested instead that Gurney be permitted to retire, which occurred on or about March 30, 2018.

## FIRST CAUSE OF ACTION
## DUE PROCESS VIOLATIONS

Plaintiff hereby adopts and incorporates paragraphs 1-30 as if set forth fully herein.

31. Each of the Defendants, while acting "under color of state law", intentionally deprived Plaintiff of her rights under the Constitution of the United States of America and the State of Oklahoma, by and through violations of the Due Process Clause of the Fourteenth Amendment by denying her procedural due process before taking action against her.

32. Plaintiff has a property interest in her job.

4

33. Plaintiff is entitled to due process and appropriate review with regard to discipline and change in employment positions. Plaintiff is entitled to due process through the right to notice and opportunity to be heard regarding any allegations against her and the actions taken against her.

34. Plaintiff was not given any due process and she was constructively discharged through the hostile work environment and retaliation she was forced to endure while in the employ of the Defendants.

35. As a result of the retaliation, Plaintiff was forced to endure a hostile work environment, was placed on a punitive work schedule, and over looked-for promotions for which she was otherwise qualified for and was constructively discharged from her employment.

36. As a result of the Defendants conduct, Plaintiff has lost wages and benefits, suffered negligent and intentional emotional distress, and sustained damage to her reputation.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OKLAHOMA ANTI DISCRIMINATION ACT

Plaintiff hereby adopts and incorporates paragraphs 1-30 as if set forth fully herein.

37. Defendant ODMHSAS is a program or activity, and employer, receiving federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and the discriminatory activities opposed occurred within said program or activity.

38. Plaintiff's opposition, objections, and related expression to Defendants and others, made in her capacity as a citizen and involving matters of important public interest and concern, were a motivating factor in Defendants' decision to retaliate against her by harassing her in the performance of her duties, criticizing her performance, disciplining her, demoting her, and treating her less favorably than similarly situated non-complaining employees, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794, in that Plaintiffs efforts

to protect and vindicate the protected rights of Oklahoma citizens receiving care from ODMHSAS and to privately and publicly express her opposition to Defendants' conduct in violation of those rights, was a motivating factor in Defendants' retaliatory conduct and unlawful employment decisions.

39. Defendants' conduct in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 caused Plaintiff to suffer damages to her name, reputation, and integrity, and economic damages, including past and future loss of earnings, income and benefits, and other compensatory, pecuniary and consequential economic losses, past and future mental and emotional distress, and other damages, expenses, and fees.

40. As a result of the retaliation, Plaintiff was forced to endure a hostile work environment, , lost time from work off, was placed on a punitive work schedule, and over looked-for promotions for which she was otherwise qualified for and was constructively discharged from her employment.

41. As a result of the Defendants conduct, Plaintiff has lost wages and benefits, suffered negligent and intentional emotional distress, and sustained damage to her reputation.

42. Defendants' conduct was willful, malicious, and/or in reckless indifference to Plaintiff and others, and to clearly established and protected federal statutory rights to such extent that imposition of punitive damages is warranted, justified and necessary.

### THIRD CAUSE OF ACTION
### CIVIL CONSPIRACY

Plaintiff hereby adopts and incorporates paragraphs 1-42 as if set forth fully herein.

43. On information and belief, Defendants White, Wilson and Crosby, acting in either their individual capacity and/or in their capacity as employees and directors of the ODMHSAS, jointly, unlawfully and illegally conspired to create a hostile work environment and to

retaliate against Gurney, including attempting to constructively discharge her for speaking out against ODMHSAS and for asserting her rights under Section 504 of the Rehabilitation Act of 1973.

44. The conduct of Defendants, White, Wilson and Crosby is illegal and amounts to a civil conspiracy which is unlawful and gives rise to a claim for damages by the Plaintiff.

45. As a result of the retaliation, Plaintiff was forced to endure a hostile work environment, lost time from work off, was placed on a punitive work schedule, and over looked-for promotions for which she was otherwise qualified for and is being constructively discharged from her employment.

46. As a result of the Defendants conduct, Plaintiff has lost wages and benefits, suffered negligent and intentional emotional distress, and sustained damage to her reputations.

47. Defendants' conduct was willful, malicious, and/or in reckless indifference to Plaintiff and others, and to clearly established and protected federal statutory rights to such extent that imposition of punitive damages is warranted, justified and necessary.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE RIGHT OF FREE SPEECH

Plaintiff hereby incorporates the information and allegations contained in paragraphs 1-47 as if set forth fully herein.

48. Defendants are government/state actors subject to the prohibitions contained in the First Amendment of the U.S. Constitution; Article 2, Sections 3 and 22 of the Oklahoma Constitution; and 42 U.S.C. §1983.

49. On information and belief, the sole bases for termination of Gurney's employment was retaliation against Plaintiff Gurney, based upon Gurney's exercise of her freedom of speech under the United States and Oklahoma State Constitutions.

50. This retaliation occurred when Gurney made statements on a matter of public concern to the Defendants, employees of Defendant ODMHSAS, and to others.

51. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses.

52. As a direct and proximate result of Defendants' conduct, Gurney has lost compensation and benefits of employment and such losses will continue in the future.

53. Defendants' conduct was undertaken with malice and reckless indifference to the Plaintiff's rights.

## FIFTH CAUSE OF ACTION
## RETALIATION

Plaintiff hereby incorporates the information and allegations contained in paragraphs 1-53 as if set forth fully herein.

54. Gurney asserted her rights to be free from workplace discrimination, retaliation and hostile work environment under state and federal law and under ODMHSAS policy and procedure and when she expressed concern over the Agency's violation of agency policies and state and federal law.

55. Rather than the Agency address and rectify Gurney's concerns, she was forced into early retirement in lieu of being terminated.

56. Plaintiff's forced retirement was disparate treatment based upon her status as a perceived "whistle blower" potentially exposing the Agency to liability.

57. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses.

58. As a direct and proximate result of Defendants' conduct, Gurney has lost compensation and benefits of employment and such losses will continue in the future.

59. Defendants' conduct was undertaken with malice and reckless indifference to the Plaintiff's rights.

## SIXTH CAUSE OF ACTION
## BURK TORT

Plaintiff hereby incorporates the information and allegations contained in paragraphs 1-59 as if set forth fully herein.

60. Gurney was an at will employee of ODMHSAS, but as a governmental employee, has a property interest in her job.

61. The actions of the Defendants violate Oklahoma Public Policy and Oklahoma Statutory law.

62. The remedies available to Gurney under federal law are not adequate to address the injuries and damages she suffered as a result of the conduct of her employer's illegal and wrongful conduct.

63. Oklahoma has a clear and articulated policy of prohibiting employers from retaliating against employees who speak out on matters of public concern.

64. Gurney spoke out against her employer on matters of public concern regarding the Agency's continued policy and law violations.

65. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses.

66. As a direct and proximate result of Defendants' conduct, Gurney has lost compensation and benefits of employment and such losses will continue in the future.

67. Defendants' conduct was undertaken with malice and reckless indifference to the Plaintiff's rights.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays for judgment in her favor on these causes of action against Defendants, and each of them, for lost wages and other benefits of employment, for compensatory damages, punitive and exemplary damages, appropriate injunctive relief, front pay, prejudgment interest, and attorney's fees and costs, in a sum exceeding Seventy Five Thousand Dollars ($75,000.00), and for such additional relief as this Court deems appropriate.

Respectfully submitted by:

Rachel Bussett, OBA #19769
Patricia Podolec, OBA # 21325
Kindra N. Avila, OBA # 22547
Bussett Legal Group, PLLC
2201 N. Classen Blvd.
Oklahoma City, OK 73106
Tel: (405) 605-8073
Fax: (405) 212-9112
Email: Rachel@BussettLegal.com
          PPodolec@BussettLegal.com
          Lawyer@BussettLegal.com
Counsel for Plaintiff